J-S15001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON K. SUMMERS, | |
| Appellant | No. 1257 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005890-2004

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 09, 2016**

Appellant, Brandon K. Summers, appeals *pro se* from the order denying, as untimely, his petition for collateral review filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant's claims primarily concern whether the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), is retroactive in effect, so as to satisfy the retroactivity exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(iii) ("retroactivity exception").  The PCRA court ruled that *Miller* was not retroactive due to the Pennsylvania Supreme Court's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013).  In light of the United States Supreme Court's recent decision in *Montgomery*

_____

[*] Retired Senior Judge assigned to the Superior Court.

***v. Louisiana***, No. 14-280, 2016 WL 280758 (U.S. 2016), which effectively overruled ***Cunningham*** on the question of ***Miller***'s retroactivity, we hold that ***Miller*** is retroactive and, therefore, it satisfies the PCRA's retroactivity exception. Accordingly, we reverse the order denying Appellant's PCRA petition, vacate his life sentence for his second-degree murder conviction, and remand for further proceedings.

On December 8, 2005, a jury found Appellant guilty of second-degree murder, robbery, and conspiracy, for his role in the shooting death of a Widener University student, John Lacey, near a tavern adjacent to that school. Appellant was seventeen years old when he committed the crime. On January 23, 2006, the trial court sentenced Appellant to a mandatory term of life imprisonment without the possibility of parole (LWOP) for second degree murder, from which Appellant filed a timely direct appeal. This Court affirmed his judgment of sentence on July 7, 2008, and our Supreme Court ultimately denied his petition for allowance of appeal. ***See Commonwealth v. Summers***, 959 A.2d 974 (Pa. 2008) (unpublished memorandum), *appeal denied*, 966 A.2d 571 (Pa. 2009).

Appellant filed his first PCRA petition *pro se* on February 21, 2007. On April 9, 2007, the PCRA court dismissed that petition, without prejudice, concluding that it was prematurely filed as Appellant's direct appeal was still pending. Appellant filed his second, *pro se* PCRA petition on April 24, 2009.

Appointed counsel ultimately filed a **Turner**/**Finley**[1] no-merit letter, and the PCRA court dismissed that petition by order dated March 30, 2010. Appellant filed his third, *pro se* PCRA petition on June 16, 2010. That petition was dismissed as untimely filed by order dated November 19, 2010. It does not appear that Appellant appealed from that decision.

The instant matter concerns Appellant's *pro se* PCRA petition filed on July 23, 2012 (hereinafter, "the Petition"), in which Appellant sought relief under **Miller** less than 30 days after that decision was issue by the United States Supreme Court. The PCRA court appointed counsel to assist Appellant and issued an order on August 23, 2013, holding the Petition in abeyance pending the outcome of **Cunningham**. **Cunningham** was decided on October 30, 2013. On July 8, 2014, the PCRA court vacated its order holding the Petition in abeyance, and ordered counsel to file an amended petition or a no-merit letter. Subsequently, appointed counsel filed a no-merit letter and a request to withdraw as counsel on July 29, 2014, relying on **Cunningham**. On July 31, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the Petition without a hearing, and a separate order permitting counsel to withdraw his appearance. Appellant filed a timely response to that notice on August 18,

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

2014. However, on April 14, 2015, the PCRA court dismissed the Petition without a hearing.

Appellant filed a timely, *pro se* notice of appeal on May 1, 2015. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) statement, but it did issue a Rule 1925(a) opinion on October 2, 2015.

Appellant now presents the following questions for our review:

[1.] Whether the PCRA Court committed an error of law when refusing to apply **Miller v. Alabama**, retroactive to Appellant on collateral review?

[2.] Whether the PCRA Court committed an error of law when refusing to hold that Appellant's mandatory sentence of life[] without parole violates both the Eighth Amendment to the U.S. Constitution[,] [and] Article 1[,] Section 13 of the Pennsylvania Constitution[,] and [is] a violation of equal protection under the Fourteenth Amendment of the U.S. Constitution?

[3.] Did the PCRA Court error in refusing to grant state habeas relief?

[4.] Did the PCRA Court abuse its discretion in not holding an evidentiary hearing?

[5.] Was the PCRA Petition timely filed?

Appellant's Brief, at 4.

Appellant's first, second, and fifth issues are resolved herein by our application of **Montgomery**. Because we resolve those matters in Appellant's favor, it is unnecessary to address his third and fourth claims.

Initially, we reiterate that our standard of review regarding an order denying post conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error.

- 4 -

*Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001). "However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

The issue before us is whether the PCRA court correctly ruled that Appellant's *Miller* claim failed to satisfy a timeliness exception to the PCRA's one-year time-bar. The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with

- 5 -

the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, it is undisputed that the Petition is untimely on its face. Appellant must, therefore, avail himself of one the timeliness exceptions for this Court to have jurisdiction to review the merits of his claim.  As noted above, Appellant argues the applicability of the retroactivity exception set forth in Section 9545(b)(1)(iii).  The PCRA court denied Appellant's petitions because it determined that "the Pennsylvania Supreme Court [in **Cunningham**] found that the holding of the Supreme Court of the United States in **Miller v. Alabama** does not apply retroactively in Pennsylvania." Trial Court Opinion, 10/2/15, at 4.

The line of Eighth Amendment jurisprudence at issue began with the United States Supreme Court's landmark decision in **Roper v. Simmons**, 543 U.S. 551 (2005), which held that the Eighth Amendment prohibits capital punishment for crimes committed by juveniles.  The Supreme Court

took another step in **Graham v. Florida**, 556 U.S. 1220 (2009), extending the reasoning of **Roper** to bar sentences of life imprisonment for non-homicide crimes committed by juveniles. Finally, in **Miller**, relying on **Roper** and **Graham**, the United States Supreme Court held that the Eighth Amendment also prohibits *mandatory*, LWOP sentences for juveniles.

In Pennsylvania, this line of decisions has had a dramatic effect on the treatment of juveniles convicted of first- or second-degree murder. Prior to **Roper**, the crimes of first- and second-degree murder could only result in capital punishment (for first-degree murder), or LWOP. **See** 18 Pa.C.S. § 1102(a)-(b) (pre-2012 amendment). Consequently, after **Roper**, the only sentence applicable to juveniles who committed either first- or second-degree murder in Pennsylvania was LWOP. **Graham** has had less of an effect, as only a few non-homicide crimes carry the penalty of life imprisonment in Pennsylvania. **See e.g.**, 42 Pa.C.S. § 9720.2. **Miller**, however, effectively eliminated all sentencing options for juveniles who committed first- or second-degree murder in Pennsylvania. Consequently, in reaction to **Miller**, Pennsylvania's Legislature passed 18 Pa.C.S. § 1102.1, which amended 18 Pa.C.S. § 1102 by providing a separate sentencing scheme for juveniles convicted of first- or second-degree murder "after June 24, 2012[.]" 18 Pa.C.S. § 1102.1(a), (c). **Miller** was decided on June 25, 2012.

Left unresolved in the immediate wake of **Miller** was whether that decision was to be afforded retroactive effect. In Pennsylvania, that

question was (mostly) resolved in **Cunningham**. In that case, our Supreme Court considered a timely PCRA petition wherein the petitioner claimed that his 2002 mandatory LWOP sentence, imposed for a second-degree murder that he committed as a juvenile, had violated the Eighth Amendment's prohibition of cruel and unusual punishments.[2] Applying **Teague v. Lane**, 489 U.S. 288 (1989) (plurality),[3] the **Cunningham** Court flatly rejected Cunningham's argument that **Miller** is a substantive constitutional rule

---

[2] Cunningham originally had relied on **Roper** to make this argument in the PCRA court. **Cunningham**, 81 A.3d at 2.

> The post-conviction court denied the petition without an evidentiary hearing, and the Superior Court affirmed in a memorandum opinion, concluding that **Roper** had no bearing on life sentences. [The a]ppellant filed a petition for allowance of appeal, which was held in abeyance pending the disposition of a petition seeking discretionary review before this Court in **Commonwealth v. Batts**, [66 A.3d 26 (Pa. 2013)]. The **Batts** case concern[ed] a challenge to the imposition of a mandatory life sentence for crimes committed by a minor asserted on direct appeal.

**Cunningham**, 81 A.3d at 2. **Miller** was decided while a decision in **Cunningham** was still pending. Consequently, the Pennsylvania Supreme Court permitted the parties in **Cunningham** to supplement and/or reargue their positions in light of **Miller**. **Id.** at 5.

[3] As the **Cunningham** Court explained, **Teague** and its progeny expressed a general rule that new constitutional rules are not afforded retroactive effect, subject to two exceptions. **Cunningham**, 81 A.3d at 4. The **Teague** exceptions are for "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense, … and watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." **Id.** (internal citations omitted).

entitled to retroactive effect under *Teague*, concluding that, "by its own terms," *Miller* "is procedural and not substantive for purposes of *Teague*." *Cunningham*, 81 A.3d at 1. The Court did not consider an alternative argument for retroactivity—whether *Miller* constituted a 'watershed rule of criminal procedure'—because Cunningham had "not developed his arguments in such terms." *Id.* The Pennsylvania Supreme Court's decision in *Cunningham*, that *Miller* does not apply retroactively, mirrored the decisions of at least four other states, including Louisiana; however, at least ten states ruled that *Miller* is retroactive.[4]

_____

[4] The Eighth Circuit recognized a split in state jurisdictions considering *Miller*'s retroactivity, as they stood less than a year before *Montgomery* was decided:

> State high courts are split. Five held that *Miller* is not retroactive. *Ex parte Williams*, ––– So.3d ––––, ––––, 2015 WL 1388138, at *13 (Ala. Mar. 27, 2015); *People v. Carp*, 496 Mich. 440, 852 N.W.2d 801, 832 (2014); *State v. Tate*, 130 So.3d 829, 841 (La. 2013); *Commonwealth v. Cunningham*, 622 Pa. 543, 81 A.3d 1, 10 (2013); *Chambers v. State*, 831 N.W.2d 311, 331 (Minn. 2013). Ten held that *Miller* is retroactive. *See Falcon v. State*, ––– So.3d ––––, ––––, 2015 WL 1239365, at *9 (Fla. Mar. 19, 2015); *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572, 578 (2014); *State v. Mares*, 335 P.3d 487, 508 (Wyo. 2014); *Petition of State*, 166 N.H. 659, 103 A.3d 227, 236 (2014); *People v. Davis*, 379 Ill.Dec. 381, 6 N.E.3d 709, 722–23 (Ill. 2014); *Ex parte Maxwell*, 424 S.W.3d 66, 75 (Tex.Crim.App. 2014); *State v. Mantich*, 287 Neb. 320, 842 N.W.2d 716, 731 (2014); *Diatchenko v. Dist. Att'y for Suffolk Dist.*, 466 Mass. 655, 1 N.E.3d 270, 281 (2013); *State v. Ragland*, 836 N.W.2d 107, 117 (Iowa 2013); *Jones v. State*, 122 So.3d 698, 703 (Miss. 2013).

*(Footnote Continued Next Page)*

In **Montgomery**, the United States Supreme Court finally addressed the split in state decisions that had considered **Miller**'s retroactivity. Applying **Teague**, the **Montgomery** Court held "that **Miller** announced a substantive rule of constitutional law." **Montgomery**, 2016 WL 280758, at *15. Contrary to our Supreme Court's reasoning in **Cunningham** that the rule announced in **Miller** was purely procedural in nature, the **Montgomery** Majority reasoned:

> To be sure, **Miller**'s holding has a procedural component. **Miller** requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence. Louisiana contends that because **Miller** requires this process, it must have set forth a procedural rule. This argument, however, conflates a procedural requirement necessary to implement a substantive guarantee with a rule that "regulate[s] only the manner of determining the defendant's culpability." There are instances in which a substantive change in the law must be attended by a procedure that enables a prisoner to show that he falls within the category of persons whom the law may no longer punish. For example, when an element of a criminal offense is deemed unconstitutional, a prisoner convicted under that offense receives a new trial where the government must prove the prisoner's conduct still fits within the modified definition of the crime. In a similar vein, when the Constitution prohibits a particular form of punishment for a class of persons, an affected prisoner receives a procedure through which he can show that he belongs to the protected class. Those procedural requirements do not, of course, transform substantive rules into procedural ones.
>
> The procedure **Miller** prescribes is no different. A hearing where "youth and its attendant characteristics" are considered as

*(Footnote Continued)* ──────────────

**Martin v. Symmes**, 782 F.3d 939, 945 (8th Cir. 2015), *abrogated by* **Montgomery, supra**.

- 10 -

sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not. The hearing does not replace but rather gives effect to **Miller**'s substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity.

**Montgomery**, at *14 (internal citations omitted).

Thus, the **Montgomery** Court concluded that: "Like other substantive rules, **Miller** is retroactive because it 'necessarily carr[ies] a significant risk that a defendant'—here, the vast majority of juvenile offenders—'faces a punishment that the law cannot impose upon him.'" **Montgomery**, at *13. Accordingly, **Montgomery** has effectively overruled our Supreme Court's decision in **Cunningham** regarding **Miller**'s retroactivity.

Turning back to the instant matter, it is well-settled that:

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Seskey**, 86 A.3d 237, 242-43 (Pa. Super. 2014) (quoting **Commonwealth v. Copenhefer**, 941 A.2d 646, 649–50 (Pa. 2007)). In **Seskey**, this Court applied **Cunningham** to hold that **Miller** did

- 11 -

not satisfy the PCRA's retroactivity exception as set forth in Section 9545(b)(1)(iii). *Id.* at 243.

It is now clear that, in addition to *Montgomery*'s overruling of *Cunningham*, *Montgomery* has also effectively overruled any decision relying on *Cunningham* to reject *Miller*'s applicability to the PCRA's retroactivity exception, as this Court did in *Seskey*. In the wake of *Montgomery*, it is irrefutable that *Miller* announced "a constitutional right that was recognized by the Supreme Court of the United States" and "has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii); *see also Commonwealth v. Secreti*, ___ A.3d ___, 2016 WL 513341, (Pa. Super. 2016).[5] Consequently, the PCRA court's legal basis for denying the Petition is no longer valid. Thus, we hereby reverse the order denying the Petition. Additionally, we vacate Appellant's mandatory LWOP sentence, as it is patently illegal under *Miller*, and remand for further proceedings consistent with this decision, *Miller*, and *Montgomery*.

Order *reversed*. Mandatory LWOP sentence *vacated*. Case *remanded* for further proceedings. Jurisdiction relinquished.

Judge Olson joins this memorandum.

_____

[5] In *Secreti*, this Court held that "the *Miller* rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the *Miller* decision on June 25, 2012. The date of the *Montgomery* decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2)." *Secreti*, 2016 WL 513341 at *6.

Judge Platt concurs in the result of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2016